Alexander W. Kramer, J.
The allegations contained in the complaint in this action indicate that plaintiff, a resident of New Jersey, hired a horse from the defendant; that, while plaintiff was attempting to mount .said horse, it became uncontrollable; that it swung its head around, thereby coming into contact with plaintiff and causing the injuries complained of. All acts in question are alleged to have occurred at Southold, Suffolk County, New York.
Southold is not within the geographical limits of the jurisdiction of the court.
In answering the complaint, defendant raised the question of jurisdiction.
Plaintiff moves to strike the defense of lack of jurisdiction from the answer, relying upon subdivision (d) of section 301 of the Uniform District Court Act.
The cause of action set forth herein is transitory in nature. Section 301 does relate thereto. Subdivision (a) does not apply since neither plaintiff nor defendant resided in the district wherein the action was commenced. Similarly, subdivision (b) does not apply,- neither plaintiff nor defendant has regular employment or a place for the regular transaction of business in the district wherein the action was commenced. Nor does subdivision (e) apply; the cause of action did not arise within the district wherein the action was commenced.
Does subdivision (d) control? It is by nature, an all encompassing, blanketing provision. It states: ‘ ‘ if none of the foregoing are applicable, in any district.”
Section 301 was derived from subdivision a of section 2 of the Nassau County District Court Act (L. 1939, ch. 274).
It is interesting to note that there is one basic and fundamental difference between Nassau County and Suffolk County— albeit they share the concept of the District Court. In Nassau, the jurisdiction of the court is coextensive with the geographic limits of that county. In Suffolk, the jurisdiction of the court *385 applies only to the five westerly towns; the five easterly towns are not included therein.
Professor David D. Siegel, in his commentary upon article 4 of the Uniform District Court Act (McKinney’s Cons. Laws of N. Y.. Book 29A, p. 480) observed: “ In the Nassau County District Court, that language is not important for jurisdictional purposes. Since the court is established for the entire county, any act within the county is necessarily within a district of the court. With the Suffolk County District Court a different situation appears. The court is established for only a portion of the county. If the act takes place in a part of the county in which the district court is not established, jurisdiction in the Suffolk County District Court may not be predicated on UDCA § 404(a).”
There is nothing to indicate that the defendant herein did anything to bring it within the purview of subdivision (a) of section 404.
Professor Siegel proceeds to observe, supra: “ But note that service of the summons, in any instance where the district court has jurisdiction, may be made anywhere within the county. Service of the summons under the UDCA is not restricted to districts of the court in the county (UDCA § 403), and if UDCA section 404, 405, 407 or 408 applies even county limits are removed.”
The cause of action sounds in tort; it seeks judgment for a sum of money only. To that extent, it is argued, the court does have jurisdiction over the subject matter; ergo — service of the summons may be made anywhere within the county.
But this reasoning is facetious. A nonresident of the county must come within the purview of subdivision (a) of section 404. A nonresident of the Suffolk County District Court district need not be brought within the purview of subdivision (a) of section 404. Such a result would produce an untenable anomaly. An unwarranted distinction would be drawn between residents of eastern Suffolk County (i.e., that portion of Suffolk County not embraced by the geographic jurisdiction of this court) and nonresidents of the county. Substance rather than form should prevail.
The doctrine of forum non conveniens is entitled to — at least — the opportunity of consideration. To grant the motion would foreclose such opportunity.
Therefore, the motion should and hereby is denied.